[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant moves that the court strike the summary process complaint herein for the following reasons: the failure to name necessary and indispensable parties and failure to allege that the defendant has interfered with the plaintiffs right to access its upland.
 "Parties have been characterized as `indispensable' when they `not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.' (citations omitted). Necessary parties, however, have been described as `persons having an interest in the controversy, who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy . . . (b)ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.'" (citations omitted), Sturman Skocha, 191 Conn. 1
The court finds that although the State has title to property below the high water mark, its rights are not affected by the outcome of this decision. Since the court can only determine the issue of possession as between the parties, the State's interest in the area below the upland will remain unchanged and unaffected. Similarly the Secretary of the Army and the Army Corps of Engineers CT Page 9942 are not necessary parties nor is the National Oceanic and Atmospheric Administration. They have no rights to be adjusted in this controversy. The ends of substantial justice will be served without their appearance.
The statutory scheme of Conn. Gen. Stat. 47a-23 et seq. regarding summary process actions is strictly construed. The bases are those enumerated in paragraph (a). An allegation that the defendant is interfering with the plaintiff's right to access its upland is not one of the statutory bases and in fact, sounds in tort. It is wholly inapposite and inappropriate to the issue in this case. for the foregoing reasons, the motion to strike is denied.
LEHENY, J.